# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:17CV-P44-GNS

WILSON REESE CLARK                                                    PLAINTIFF

v.

KAREN RAMEY *et al*.                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Wilson Reese Clark filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis* (DN 1). The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed for further development.

## I.

Plaintiff, an inmate housed at the Kentucky State Penitentiary (KSP), names the following Defendants: Karen Ramey, identified as an ARPN at KSP; Bruce Bauer, Amber Switzer, and Tosha Winn, identified as nurses at KSP; and Jill Shelton and Heather Holland, each of whom Plaintiff identifies as employees of "CCS" in Nashville, Tennessee.

Plaintiff alleges that he was injured on October 30, 2016, and requested treatment for his back and pointer finger on his right hand. He states when he went to the nurse's station he was told to come back by Defendant Ramey and "by Nurse Bruce Bauer who openly expresses his dislike for people of color." The following day, Plaintiff reports that he was told by Defendants Shelton, Bauer, and Ramey that they were not going to treat his injuries.

Plaintiff further states, "I seen a inmate who was white, have the same injuries as me and he'll get top of the line treatment. As for people of color we have to settle for what we can get." Plaintiff asserts, "Sinse Bruce Bauer has been a nurse he does not tolerate nurse's treating black inmates. So due to Bruce Bauer telling staff not to treat black inmates is the reason why nurses refuse to treat me." Plaintiff alleges that he has "filed many grievances on the situation and the staff tell me if I file another grievance I will be placed in the segregation unit under investigation. Since then I've been placed on grievance restriction." Plaintiff states, "My hand/finger is still broken and my lower back still cause's me pain. Medical will not treat me without Bruce Bauer's permission."

Plaintiff also reports a separate incident which occurred on January 31, 2017. He states that he was placed in segregation for filing grievances and that Defendant Holland and non-Defendant Corrections Officer Torres found him lying on the floor of his cell "non-responsive." He states, "Nurse Holland said, 'he's not normal anyway' this was heard by my neighbor . . . Michael Cooper who later told me what was said. She also said 'He's probably just faking like most black inmates do to get the nurse over here. I'll come back and check him if Bruce Bauer tells me to." Plaintiff asserts that 30 to 40 minutes later another corrections officer found him lying on the floor and called medical to report a medical emergency. Plaintiff states that it took ten to fifteen minutes for medical to come to his cell and another five minutes to take his blood pressure. He states that this violates corrections policies and procedures. He states that his blood pressure reading was 220/120 and that an unnamed nurse "didn't know what to do. She ended up calling doctor forte for further instructions."

Plaintiff also describes another incident which occurred on February 20, 2017. He states that his blood pressure was high, he was feeling light-headed, and his left arm and left jaw were

numb. He was put in shackles to go to medical but could not walk and "again got lightheaded and fell-out." He was taken back to his cell where he was made to stand and wait for the nurse and "almost fell on his face while my hands were restrained behind my back." He states, "Nurse Switzer & Tosha Wynn showed up 15 minutes later. They comments about they shouldn't made to help anyone they didn't want to, especially not 'niggers.' A few inmates heard these comments and started to cuss Nurse Switzer & Wynn. They openly speak racial epithets."

Plaintiff summarizes his claims as follows:

> All staff mentioned[1] herein violated herein violated my 1st 4th 5th and 8th All staff mentioned in this complaint shown deliberate indifference to a serious medical need, all staff refused answer sick call slips and medical grievances. All medical staff left me to suffer cruel & unusual pain as punishment for filing grievance, and last all staff mentioned shown racial discrimination because I am a Asiatic black man seeking medical treatment.

As relief, he seeks compensatory and punitive damages; injunctive relief in the form of "ordering defendant to stop their bigotry against inmates of color"; and declaratory relief.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] While Plaintiff asserts that "[a]ll staff mentioned" violated his rights, Plaintiff references several KSP staff persons in the complaint but did not name them as Defendants. The Court considers only those Defendants listed in the Defendants section of the complaint form as parties to this action.

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff identifies Defendants Ramey, Bauer, Switzer, and Winn as employees of KSP. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants Ramey, Bauer, Switzer, and Winn must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

Plaintiff identifies Defendants Shelton and Holland as employees of "CCS" and refers to them in the body of his complaint as nurses. The Court presumes that Plaintiff is referring to

Correct Care Solutions, a private entity which contracts with the Kentucky Department of Corrections to provide medical services to inmates. *See Shadrick v. S. Health Partners, Inc.*, No. 4:11CV-33-JHM, 2016 U.S. Dist. LEXIS 118431, at *44 (W.D. Ky. Aug. 31, 2016). Therefore, the official-capacity claims against Defendants Shelton and Holland are deemed as brought against Correct Care Solutions. A private corporation that performs a public function, such as contracting with the state to provide medical care, may be found to act under color of law for purposes of § 1983. *Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003); *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Correct Care Solutions. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691 ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.")). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy."

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Nothing in the complaint suggests that the actions of Defendant Shelton or Holland were motivated by any policy or custom of Correct Care Solutions. Accordingly, Plaintiff's claims against these Defendants in their official capacities will be dismissed for failure to state a claim upon which relief may be granted.

## B. Individual-capacity claims

### *Violation of corrections policies*

Plaintiff alleges that Defendants violated corrections policies and procedures. However, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, any claim based on the alleged violation of corrections policies and procedures must be dismissed for failure to state a claim.

### *Grievance handling*

Plaintiff also alleges that Defendants refused to act on his medical grievances. However, there is "no constitutionally protected due process interest in unfettered access to a prison

7

grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Therefore, Plaintiff's claims based on the denial of his medical grievances will be dismissed for failure to state a claim upon which relief may be granted.

### *Fourth and Fifth Amendments*

Plaintiff also alleges violations of the Fourth and Fifth Amendments. However, he fails to explain how either of these amendments applies to his claims. Based on the facts alleged in the complaint, the Court finds that Plaintiff has not stated a cognizable Fourth or Fifth Amendment claim against Defendants.

*Remaining claims*

Upon review of the complaint, the Court will allow the following § 1983 claims to proceed against all Defendants in their individual capacities: an Eighth Amendment claim for deliberate indifference to serious medical needs; a Fourteenth Amendment Equal Protection claim in connection with Plaintiff's allegations of discrimination; and a First Amendment retaliation claim.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants immune from such relief.

**IT IS ORDERED** that Plaintiff's claims based on violations of corrections policies, the handling of his grievances, and violations of the Fourth and Fifth Amendments are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted

The Court will enter a separate Order Directing Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: May 15, 2017

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.010

9